G. H. SWINDELLS v. JOSEPH W. DUPONT and Others.[1]

December 5, 1902.

Nos. 13,180—(149).

**Commission.**

> In an action to recover an amount alleged to have been agreed upon as a commission for making a sale of personal property, it is *held* that certain specifications of error alleged to have occurred at the trial are without merit.

Action in the municipal court of Minneapolis to recover from defendants $450 for breach of contract to pay a commission for procuring a purchaser for certain personal property. The case was tried before Holt, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*R. L. Penney* and *Penney & McMillan,* for appellants.

*F. D. Larrabee,* for respondent.

COLLINS, J.

This was an action to recover an amount alleged to have been agreed upon between plaintiff and defendant Dupont as a commission in case the former procured a purchaser for a saloon owned by the latter, which amount the other defendant Kershner had agreed to pay, should he purchase, if it was not paid by Dupont. That Kershner, with the other defendant Mallinger (as to whom the case was dismissed at the trial), subsequently bought the saloon, stands admitted. The answer was a general denial, and the verdict of the jury was for the full amount claimed against both Dupont and Kershner.

1. We are of the opinion that the testimony was sufficient to justify the jury in finding that the plaintiff brought Dupont, as a vendor, and Kershner, as a proposed vendee, together, and was the procuring cause of the sale which was ultimately made by

[1] Reported in 92 N. W. 468.

Dupont to Kershner and Mallinger. It was not a case where the purchaser was simply put upon the track of the property; nor was it a case where, during the negotiations, the broker abandoned all efforts to sell, and as a wholly independent transaction a sale was afterwards made.

2. The defendant Kershner was not simply a surety or a guarantor of the collection of the amount due as commission. His was an original promise to pay the amount which had been agreed upon as the commission in case he purchased and Dupont defaulted. It was agreed that, if the sale was made, directly or indirectly, by plaintiff, and Dupont did not pay the commission, Kershner would. Dupont refused to pay, and thereupon Kershner became liable under his agreement, and plaintiff could maintain an action against both or either of the parties for the amount due to him on account of the sale.

3. Taking the instructions altogether, it is very plain that, although the court used the word "forgery" when referring to the alteration alleged to have been made in Kershner's written agreement, the charge was that, if the word "saloon" was inserted without Kershner's knowledge or consent, there was a material alteration, which would render this agreement invalid and nonenforceable. Taking this view of the charge, it is immaterial that— technically speaking—the criminal act of forgery could not be committed by merely inserting the word "saloon" in the agreement.

Being of the opinion that the testimony was sufficient to justify the verdict, and that the court did not err in the matters before mentioned, the order appealed from is affirmed.